**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL CUARTO EVANGELISTA, | NO. SA CV 12–0803 DOC (FMO) |
| Petitioner, | |
| v. | **ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| RALPH DIAZ, Warden, | |
| Respondent. | |

**INTRODUCTION**

On May 14, 2012, petitioner, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). On July 17, 2012, respondent filed a Motion to Dismiss the Petition. Petitioner filed an Opposition on August 27, 2012.

On August 31, 2012, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Petition be dismissed with prejudice. On October 1, 2012, petitioner filed Objections to the R&R ("Objections").

**DISCUSSION**

Even though the pending Petition is untimely by over 12 years and 8 months, petitioner contends he is entitled to equitable tolling because he was diligently attempting to obtain his trial transcripts for over 12 years, but his request was ultimately denied on March 20, 2012, when he

1   was informed that the stenographer's notes from his trial were destroyed on July 6, 2010.

2   (Objections at 3-4 & Exh. 1).  A litigant seeking equitable tolling bears the burden of proving that

3   "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

4   in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).  "The diligence

5   required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence[.]"

6   Holland v. Florida, 130 S.Ct. 2549, 2565 (2010) (citations and internal quotation marks omitted);

7   Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012).  "To determine if a petitioner has been

8   diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution

9   in light of his or her particular circumstances."  Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011).

10       Here, among other defects, petitioner has not shown he pursued his rights diligently.  The

11  only evidence petitioner has presented to support his claim is a "Declaration Re: Notes

12  Destruction" signed on March 20, 2012, by Mary Haer, an "Office Specialist" with Court Reporter

13  Interpreter Services, who indicates that the stenographer's notes for the proceedings petitioner

14  sought were destroyed on July 6, 2010, pursuant to Cal. Gov't Code § 69955(e).[1]  (Objections at

15  Exh. 1).  This "declaration" does not demonstrate petitioner's diligence,[2] and petitioner's

16  "conclusory statement that he 'diligently pursued his rights and remedies' will not suffice" to

17  establish petitioner diligently pursued his federal claims.  See Yang v. Archuleta, 525 F.3d 925,

18  930 (10th Cir. 2008); see Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001) (conclusory

19  assertions rarely will suffice to meet the burden of demonstrating entitlement to equitable tolling).

20  In short, "petitioner's lack of diligence precludes equity's operation."  Pace, 544 U.S. at 419, 125

21  S.Ct. at 1815; see also Welch v. Carey, 350 F.3d 1079, 1083 (9th Cir. 2003) (en banc), cert.

22  denied, 541 U.S. 1078 (2004) ("Tolling accommodates effort, not inaction."); Ramos-Martinez v.

23  United States, 638 F.3d 315, 323-24 (1st Cir. 2011) ("Equitable tolling is not intended as a device

24  _____

25       [1]  Cal. Gov't Code § 69955(e) provides, in pertinent part, that "[r]eporting notes . . . may be

26  destroyed upon the order of the court after 10 years from the taking of the notes in criminal
     proceedings. . . ."

27       [2]  If anything, Ms. Haer's declaration suggests that petitioner did not make any attempt to

28  obtain a transcription of trial proceedings until after the stenographer's notes had been destroyed,
     which demonstrates a lack of diligence.

to rescue those who inexcusably sleep upon their rights.  A habeas petitioner who seeks the balm of equitable tolling must show that he has exercised 'reasonable diligence' to protect his own interests.").

Petitioner also contends that he did not learn of the AEDPA's limitations period until 2006 and, therefore, he is entitled to calculate the limitations period under § 2244(d)(1)(B), which provides that the statute of limitations begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[.]"   Section 2244(d)(1)(B) "applies when a petitioner has been impeded from *filing* a habeas petition." Shannon v. Newland, 410 F.3d 1083, 1088 (9th Cir. 2005), cert. denied, 546 U.S. 1171 (2006) (emphasis in original).  "To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." Bryant v. Arizona Attorney Gen., 499 F.3d 1056, 1060 (9th Cir. 2007); see also Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003) ("In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law.").

Here, even assuming the limitations period did not commence until petitioner had access to the AEDPA, the Petition is nevertheless untimely because it was not filed within a year of petitioner's access to the AEDPA.  See Bryant, 499 F.3d at 1060.  In particular, giving petitioner every possible benefit of the doubt, and assuming petitioner did not  have access to the AEDPA until December 31, 2006, (see Objections at 5 ("It was not until 2006 . . . that [petitioner] had regular access to a better equipped law library and discovered the time limitations contained in AEDPA.")), the limitations period would have begun running on January 1, 2007, and would have run through March 31, 2007, a total of 90 days.  Assuming further that the limitations period would have been tolled from April 1, 2007, when petitioner filed a habeas corpus petition in the Orange County Superior Court, through March 12, 2008, when the California Supreme Court denied petitioner's habeas corpus petition, (see Lodgment Nos. 2-9), petitioner had 275 days from March 12, 2008, or until December 12, 2008, to timely file his Petition.  Since petitioner did not file his

Petition until May 14, 2012, his Petition would still be over three years late even applying § 2244(D)(1)(B) in the manner petitioner seeks.

Petitioner's remaining objections are without merit and do not warrant further comment.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Magistrate Judge's Report and Recommendation, and the Objections to the Report and Recommendation.  Having made a <u>de novo</u> determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.  Accordingly, IT IS ORDERED THAT:

1.    Judgment shall be entered dismissing the action with prejudice.

2.    The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED:  October 11, 2012.

_David O. Carter_
_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE